**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BRYAN PARSLEY,**

      **Petitioner,**                        **CASE NO. 2:11-CV-138**
                                              **JUDGE MARBLEY**
      **v.**                            **MAGISTRATE JUDGE KING**

**WARDEN, NOBLE
CORRECTIONAL INSTITUTION,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C

§ 2254. This matter is before the Court on the *Petition*, Respondent's *Return of Writ* and the

exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this

action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of

this case as follows:

> In the early morning hours of April 3, 2007, Columbus Police Officer
> Kevin Genter and his partner were dispatched to a house in
> Columbus, Ohio, in response to a 911 call that originated from the
> house. En route, the officers learned that the call might involve
> domestic violence. Upon arriving, Genter's partner went to the front
> of the house. Genter went to the back of the house and observed two
> men talking. The men walked inside the house and, within seconds,
> one man ran out of the house towards Genter. Genter instructed the
> man to stop and get on the ground. The man, later identified as
> appellant, complied.
>
> As Genter approached appellant, Genter observed a bag of marijuana
> sticking out of appellant's jacket pocket. Genter placed appellant in
> handcuffs, stood him up, and began to search him. Genter felt an
> object in appellant's right front pants pocket that he thought was

narcotics. Genter removed a baggie from appellant's pants pocket that he suspected contained crack cocaine. Later testing of the substance in the baggie confirmed that it was crack cocaine.

A Franklin County Grand Jury indicted appellant with one count of possession of cocaine in violation of R.C. 2925.11. Appellant entered a not guilty plea and proceeded to a jury trial. Before trial, appellant filed a motion to suppress the crack cocaine Genter found in appellant's pants pocket. The motion alleged that Genter did not have reasonable suspicion to search appellant. Appellant also argued that Genter had no reason to believe that the object in appellant's pants was a weapon. The trial court denied appellant's motion, finding that Genter acted in a reasonable manner.

At trial, Genter testified to the version of events described above. Kathleen Stuebe, a forensic scientist with the Columbus Police Department Crime Lab, was the only other witness to testify. She tested the substance in the baggie found in appellant's pants pocket and concluded it was 13 grams of crack cocaine. The jury convicted appellant of possession of between 10 and 25 grams of cocaine and the trial court sentenced appellant accordingly.

*State v. Parsley*, No. 09AP-612, 2010 WL 1510197, at *1 (Ohio App. 10th Dist. April 15, 2010).

Petitioner filed a timely appeal, raising the following assignments of error:

1.    THE   TRIAL   COURT   ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS THEREBY VIOLATING APPELLANT'S RIGHTS UNDER THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION AGAINST UNREASONABLE SEARCHES AND SEIZURES.

2.    THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ADMITTED THE STATE'S EXHIBITS.

3.    THE   TRIAL   COURT   PLAINLY   ERRED WHEN IT ALLOWED THE STATE'S DRUG ANALYST TO OFFER AN OPINION AS TO THE WEIGHT OF THE CRACK COCAINE AFTER SHE ONLY TESTED A SMALL SUBSET OF THE CONTRBAND PURSUANT TO A SAMPLING PLAN IN VIOLATION OF EVID.R. 104, EVID.R.  702(C),  THE  FEDERAL  GATEKEEPING

2

PRINCIPLES AS SET FORTH IN *DAUBERT V. MERRELL DOW PHARMACEUTICALS, INC.* (1993), 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469, THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION, AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

4.     APPELLANT'S CONVICTION WAS BOTH AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY THE SUFFICIENCY OF THE EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S CONSTITUTION, AND ARTICLE I, SECTIONS 1 & 16 OF THE OHIO CONSTITUTION.

5.     THE TRIAL COURT ERRED WHEN IT FAILED TO CREDIT APPELLANT WITH 234 DAYS OF JAIL TIME CREDIT THAT THE COURT SOLELY CREDITED TO ANOTHER CASE THAT THE COURT SENTENCED APPELLANT CONCURRENTLY WITH THIS CASE. THE FAILURE TO ACCORD JAIL TIME CREDIT AGAINST ALL CONCURRENT TERMS VIOLATES R.C. § 2967.191 AND THE EQUAL PROTECTION CLAUSES OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION.

6.     THE TRIAL COURT ERRED IN FINING APPELLANT AT SENTENCING DUE TO HIS INDIGENT STATUS AND INABILITY TO PAY.

7.     TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE 6TH AMENDMENT TO THE U.S CONSTITUTION AND ARTICLE I, SECTIONS 10, 16 OF THE OHIO CONSTITUTION.

*Id*. at *1-2. On April 15, 2010, the appellate court overruled all of Petitioner's claims, except that it sustained in part his seventh assignment of error and remanded the case to the trial court for re-sentencing and to provide Petitioner an opportunity to file an affidavit of indigency prior to sentencing. *Id*. Petitioner did not file a timely appeal from that decision to the Ohio Supreme Court.

3

On June 24, 2010, Petitioner filed a motion for delayed appeal, *Exhibits 11, 12 to Return of Writ*, which the Ohio Supreme Court granted on August 25, 2010. *State v. Parsley*, 126 Ohio St.3d 1542 (2010). On January 19, 2011, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. *State v. Parsley*, 127 Ohio St.3d 1503 (2011). The trial court re-sentenced Petitioner, finding him indigent and waiving the fine. *Exhibit 15 to Return of Writ.* Petitioner did not file an appeal from that re-sentencing.

On February 12, 2011, Petitioner filed his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

1.  Trial court erred by denying motion to suppress thereby violating 4th Am[endment] not limited to because of unlawful arrest and search.

2.  Trial counsel rendered ineffective assistance of counsel in violation of the 6th Am[endment] not limited to for failing to investigate coc[aine] and submitting reversible error of 4th Am[endment] violation and objecting to unlawful sentence and conviction.

3.  Insufficient evidence in violation of the 14th Am[endment] and due process. Conviction was against the manifest weight of the evidence and not supported by sufficiency of the evidence.

4.  Trial court violated, as well as the lower courts violated fair trial [and/or] review for failing to review or hold a hearing on the constitutional violation and accusation or to argue a miscarriage of justice from occurring.

It is the position of the Respondent that Petitioner's claims have been waived or offer no basis for federal habeas corpus relief.

**CLAIM ONE**

4

In claim one, Petitioner asserts that he was denied a fair trial due to the admission of evidence obtained in violation of the Fourth Amendment. This claim fails to present an issue for federal habeas corpus review.

In *Stone v. Powell*, 428 U.S. 465 the United States Supreme Court held that federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an unconstitutional search or seizure, as long as the state has given the petitioner a full and fair opportunity to litigate the Fourth Amendment claim. *Id.* In *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982), the United States Court of Appeals for the Sixth Circuit held that Ohio's mechanism for resolving Fourth Amendment claims is, "in the abstract, clearly adequate." *Id.* Petitioner does not allege, and it does not appear from the record, that the State's mechanism failed to resolve his Fourth Amendment claim. To the contrary, the state trial court denied Petitioner's motion to suppress and the Ohio Court of Appeals affirmed that decision. *State v. Parsley*, 2010 WL 1510197, at *2-4. Moreover, the Sixth Circuit has held the doctrine of *Stone v. Powell* applies, even if the federal court deems the state-court determination of the Fourth Amendment claim to have been in "egregious error." *Gilbert v. Parke*, 763 F.2d at 824 (citing *Riley v. Gray*, 674 F.2d at 526)).

Petitioner's claim of illegal search and seizure is not cognizable on habeas review.

## PROCEDURAL DEFAULT

Respondent contends that the remainder of Petitioner's claims are waived because he failed to file a timely appeal to the Ohio Supreme Court and the Ohio Supreme Court denied his motion for a delayed appeal. *See Return of Writ*. As noted *supra*, however, the Ohio Supreme Court granted Petitioner's motion for a delayed appeal, although it thereafter dismissed that appeal. Therefore, this Court will address the merits of Petitioner's remaining claims.

## CLAIM TWO

In claim two, Petitioner asserts that he was denied the effective assistance of trial counsel based on his attorney's "failure to investigate cocaine," "reversible error of Fourth Amendment violation and objecting to unlawful sentence" and "conviction." *See Petition*. While these claims are not entirely clear, the Court presumes that Petitioner intends to assert in these proceedings the same allegations of ineffective assistance of counsel that he raised on direct appeal. The state appellate court rejected most of these claims, reasoning as follows:

> [A]ppellant contends in his seventh assignment of error that he received ineffective assistance of trial counsel.
>
> To prevail on a claim of ineffective assistance of counsel, appellant must satisfy the two-prong test enunciated in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; accord *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Appellant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Strickland* at 690. Appellant's failure to satisfy one prong of the Strickland test negates a court's need to consider the other. *Id.* at 697.
>
> In analyzing the first prong under *Strickland,* there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* at 689. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.,* citing *Michel v. Louisiana* (1955), 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83. Tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance. *State v. Carter* (1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965.
>
> If appellant successfully proves that counsel's assistance was

6

deficient, the second prong under *Strickland* requires appellant to prove prejudice in order to prevail. *Id.* at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive her of a fair trial, "a trial whose result is reliable." *Id.* at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Appellant first claims that trial counsel was ineffective for failing to argue that he was unlawfully arrested without probable cause in support of his motion to suppress. We disagree.

The failure to make an argument to the trial court may be ineffective assistance of counsel if, based on the record, the argument would have been meritorious. *State v. Justice* (Dec. 24, 1996), 10th Dist. No. 96APA05–616 ("Counsel is not ineffective for failing to raise a claim that was not meritorious."). Cf. *State v. Hillman,* 10th Dist. No. 06AP–1230, 2008–Ohio–2341, ¶ 46 (noting that the failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted). Here, trial counsel was not ineffective for failing to argue that appellant was arrested when he was handcuffed because, based on the record, such an argument would not have been successful.

At some point in a *Terry* stop, the investigatory detention may convert into an arrest that must be supported by probable cause. *State v. Davis,* 10th Dist. No. 08AP–102, 2008–Ohio–5756, ¶ 13. That issue is to be decided on a case-by-case basis. *Id.* Appellant contends that he was arrested when he was stopped and handcuffed. We disagree.

First, we reiterate that appellant does not dispute the validity of the initial *Terry* stop. While Genter did place appellant in handcuffs, the use of handcuffs does not automatically convert an investigative *Terry* stop into an arrest. *Id.; State v. Pickett* (Aug. 3, 2000), 8th Dist. No. 76295 (noting that handcuffing does not make detention an arrest as long as handcuffing was reasonable under the circumstances). Even the complete deprivation of a suspect's freedom does not automatically convert a *Terry* stop into an arrest if the method of restraint is reasonable under the circumstances and not excessive. *State v. Boykins* (Oct. 29, 1999), 1st Dist. No. C–990101; *Davis* at ¶ 13. When judging the reasonableness of the officer's actions, courts

7

must focus on the totality of the circumstances. These circumstances are to be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. *State v. Williams,* 2d Dist. No. 22601, 2008–Ohio–5511, ¶ 15.

Here, Genter observed appellant run out of a house from which a suspected domestic violence 911 call had been made. Genter ordered appellant to stop and get down on the ground. As he approached appellant, Genter observed a bag of marijuana sticking out of appellant's coat pocket. Genter then handcuffed appellant. Under these circumstances, especially in light of the marijuana Genter observed in plain view, his use of handcuffs in order to effectuate the investigative *Terry* stop was reasonable and not excessive. Accordingly, Genter's use of handcuffs did not immediately convert the investigative stop into an arrest. For these reasons, trial counsel was not ineffective for failing to argue that appellant was arrested when he was placed in handcuffs.

Appellant next argues that trial counsel was ineffective for failing to ask for a *Daubert* hearing for Stuebe's testimony. Again, we disagree. There is nothing in the record that calls into question the reliability of her testing method. Consequently, there is no indication that her testimony would have been excluded on those grounds. *State v. Sands,* 11th Dist. No.2007–L–003, 2008–Ohio– 6981, ¶ 108 (noting also that the decision to raise a *Daubert* challenge is a matter of trial strategy).

Lastly, appellant contends that trial counsel was ineffective for failing to file an affidavit of indigency in order to avoid the trial court's imposition of a fine. We agree. The failure to file an affidavit of indigency prior to sentencing may constitute ineffective assistance of counsel in a case where the record establishes a reasonable probability that the trial court would have found the defendant indigent, thereby relieving him of the obligation to pay a mandatory fine. *State v. Gilmer,* 6th Dist. No. OT–01–015, 2002–Ohio–2045; *State v. McDowell,* 11th Dist. No.2001–P–0149, 2003–Ohio–5352, ¶ 75.

Here, the presentence investigation report provides evidence of appellant's employment history and background. *Id.* at ¶ 76 (looking at presentence investigation report to determine whether or not trial counsel was ineffective for failing to file affidavit of indigency). The report shows that appellant had no source of income and no employment at the time of this offense. The report also indicated that

he had no prior employment. Selling drugs was his only means of financial support. Appellant had only a high school education.

In light of the presentence investigation report, there is a reasonable probability that the trial court would have found the defendant indigent, thereby relieving him of the obligation to pay a mandatory fine. Therefore, we conclude that appellant did receive ineffective assistance of counsel, but only to the extent that his trial counsel failed to file an affidavit of indigency in order to avoid the trial court's imposition of a fine. *Id.; Gilmer.*

Appellant's seventh assignment of error is overruled in part and sustained in part.

*State v. Parsley,* 2010 WL 1510197, at *11-13.

The factual findings of the state appellate court are presumed to be correct.

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

9

28 U.S.C. § 2254(d).  The United States Supreme Court has explained:

> "[A]n unreasonable application of federal law is different from an incorrect application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*., at 411, 120 S.Ct. 1495. Rather, that application must be "objectively unreasonable." *Id*., at 409, 120 S.Ct. 1495. This distinction creates "a substantially higher threshold" for obtaining relief than de novo review. *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). AEDPA thus imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and "demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) ( per curiam ).

*Renico v. Lett*, 559 U.S. –, 130 S.Ct. 1855,1862 (2010)(footnote omitted.)

> "[C]learly established" law under § 2254(d)(1) consists of "the holdings, as opposed to the dicta, of this Court's" cases. *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). An "unreasonable application" of that law involves not just an erroneous or incorrect decision, but an objectively unreasonable one. *Renico v. Lett*, 559 U.S. ----, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010).

*Wong v. Smith*, 131 S.Ct.10 (Mem), 2010 WL 752363, at *2 (Nov. 1, 2010). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as "'fairminded jurists could disagree' on the correctness of the state court's decision. *Harrington v. Richter*, – U.S. –, –, 131 S.Ct. 770, 786 (2011)(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious

10

> that counsel was not functioning as the "counsel" guaranteed the
> defendant by the Sixth Amendment. Second, the defendant must
> show that the deficient performance prejudiced the defense. This
> requires showing that counsel's errors were so serious as to deprive
> the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. at 687; *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir.1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result fo the proceedings would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 697. Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Id.* at 697.

Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to argue, in his motion to suppress the cocaine found in his pocket, that police unlawfully arrested him by placing him in handcuffs prior to searching him and finding the cocaine.[1]  This

---

[1]  The state appellate court affirmed the trial court's denial of Petitioner's motion to suppress evidence in relevant part as follows:

Appellant claims in his first assignment of error that the trial court erred by denying his motion to suppress the crack cocaine Genter found in appellant's pants pocket. We disagree.

***

Appellant first claims that the trial court erred by finding Genter's testimony credible. We disagree.

Appellant does not identify any specific facts supporting his contention that Genter's testimony was not credible. The trial court is in the best position, as the trier of fact, to determine witness credibility. The trial court observed Genter testify and chose to believe his testimony. We see no reason to disturb that determination. *State v. Heard,* 2d Dist. No. 19322, 2003–Ohio–906, ¶ 35.

Second, appellant claims that Genter did not have reasonable suspicion to search him and, even if he did, his seizure of the drugs violated the "plain-feel" doctrine. We disagree.

Initially, we note that appellant does not dispute that Genter legally stopped him after he ran out of the house. In *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, the United States Supreme Court held that a police officer may stop an individual if the officer has a reasonable suspicion, based upon specific and articulable facts, that criminal behavior has occurred or is imminent. Based on the totality of the circumstances in the present case, we agree that Genter had reasonable suspicion to stop appellant. See *State v. Bobo* (1988), 37 Ohio St.3d 177, 178, 524 N.E.2d 489 (reviewing propriety of *Terry* stop based on totality of circumstances). However, Genter's search of appellant requires additional analysis. See *State v. Jones,* 8th Dist. No. 80685, 2002–Ohio–4785, ¶ 14 (distinguishing *Terry* stop from *Terry* search); *State v. Atchley,* 10th Dist. No. 07AP–412, 2007–Ohio–7009, ¶ 16.

After an officer makes a lawful *Terry* stop, the officer may conduct a limited protective search for weapons if the officer has a reasonable suspicion that the suspect might be armed and dangerous. *Terry* at 27; *State v. Lawson,* 180 Ohio App.3d 516, 906 N.E.2d 443, 2009–Ohio–62, ¶ 21. The purpose of the search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence. *Bobo* at 180, 524 N.E.2d 489 (quoting *Adams v. Williams* (1972), 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612.

Appellant claims that Genter did not have reasonable suspicion to believe he was armed. We disagree. Genter testified that he searched appellant for weapons because he observed marijuana in appellant's jacket pocket, and that he had "been in situations where I've recovered narcotics and weapons on people." (Tr. 17.) Indeed, the Supreme Court of Ohio had noted that "[t]he right to frisk is virtually automatic when individuals are suspected of committing a crime, like drug trafficking, for which they are likely to be armed." *State v. Evans,* 67 Ohio St.3d 405, 413, 618 N.E.2d 162, 1993–Ohio–186. This court has also noted that "'persons who engage in illegal drug activities are often armed with a weapon.'" *State v. McClendon,* 10th Dist. No. 09AP–554, 2009–Ohio–6421, ¶ 22 (quoting *State v. Hansard,* 4th Dist. No. 07CA3177, 2008–Ohio–3349, ¶ 26).

In light of the nature of the 911 call to which the officers were responding, appellant's flight from the house, and most importantly, the observance of drugs in appellant's jacket pocket, Genter had reasonable suspicion to believe appellant might be armed. *Bobo* at 181, 524 N.E.2d 489 (reviewing propriety of *Terry* search based on totality of circumstances). Accordingly, pursuant to *Terry,* Genter was entitled to conduct a limited protective search for weapons so that he could safely conduct his investigation.

Appellant argues, however, that even if Genter's initial protective search was proper, the seizure of the crack cocaine was illegal. Appellant claims that Genter illegally seized the crack cocaine because he did not immediately recognize the item in appellant's pants pocket as contraband but had to first manipulate the item. The evidence does not support appellant's argument.

A police officer conducting a *Terry* search for weapons who feels an object, the shape or mass of which makes its identity as illegal contraband immediately apparent without manipulating the object, may seize the object pursuant to the "plain feel" exception to the warrant requirement. *Heard* at ¶ 27 (citing *Minnesota v. Dickerson* (1993), 508 U.S. 366, 375–76, 113 S.Ct. 2130, 2137, 124 L.Ed.2d

12

Court is not so persuaded.

As noted by the state appellate court, "[d]uring a *Terry* stop, officers may draw their weapons or use handcuffs 'so long as circumstances warrant that precaution.' " *Dorsey v. Barber*, 517 F.3d 389, 399 (6th Cir. 2008)(citing *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 309 (6th Cir. 2005); *Houston v. Clark County Sheriff Deputy John Does 1–5,* 174 F.3d 809, 815 (6th Cir.1999)); *see also Graham v. Connor*, 490 U.S. 386, 396 (1989)("the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.") [F]or the use of handcuffs during a *Terry* stop, the Fourth Amendment requires some reasonable belief that the suspect is armed and dangerous or that the restraints are necessary for some other legitimate purpose, evaluated on the facts of each case."  The state appellate court did not unreasonably conclude that such were the circumstances here.  Moreover, police had probable cause to arrest Petitioner upon observing marijuana sticking out of his coat pocket.

_____

334).

Genter testified that he felt a large bulge inside of appellant's right front pants pocket as he conducted his protective search for weapons. Genter testified that he used a "crushing motion" to search appellant. He testified that he could tell the bulge was consistent with narcotics. Although he could not tell from the pat down what kind of narcotics were in appellant's pants pocket, he immediately recognized the material as illegal contraband. He did not indicate that he had to manipulate the material in appellant's pants pocket to determine its nature. Accordingly, Genter could seize the item pursuant to the "plain-feel" doctrine set forth in *Dickerson.* See *State v. Stewart,* 2d Dist. No. 19961, 2004–Ohio–1319, ¶ 22–25.

Lastly, appellant claims that his encounter with Genter illegally matured from a lawful *Terry* stop into an illegal arrest when Genter handcuffed him. Appellant did not make this argument in his motion to suppress or during the hearing on his motion to suppress. A defendant's failure to raise an issue before the trial court forfeits the right to raise that issue on appeal. *State v. Vanhoose,* 4th Dist. No. 07CA765, 2008–Ohio–1122, ¶ 18; *Atchley* at ¶ 8–9. Because appellant failed to present this argument in support of his motion to suppress, he has forfeited it, and we need not consider it here for the first time. *Id.*

For all of these reasons, the trial court did not err by denying appellant's motion to suppress.

*State v. Parsley*, 2010 WL 1501097, at *2-4

13

> "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that an offense has been committed." *Henry v. United States,* 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959). "Whether probable cause exists depends on the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford,* 543 U.S. 146, 152, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004).

*United States v. McGhee,* 672 F.Supp.2d 804 (S.D. Ohio 2009). Such were the circumstances here. Thus, even had Petitioner been placed under arrest when handcuffed by police, the search would have been permissible as a search incident to arrest. *See Arizona v. Gant*, 556 U.S. 332 (2009)(a search incident to arrest is among the exceptions to the warrant requirement). Petitioner has failed to establish the ineffective assistance of counsel on this basis.

Petitioner also asserts that he was denied the effective assistance of counsel because his attorney failed to request a hearing under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S 579 (1993)(addressing admissibility of evidence under Rule 702 of the Federal Rules of Evidence) prior to the admission of testimony by Kathleen Stuebe, the State's forensic scientist, that the substance found inside Petitioner's pocket was crack cocaine. There is nothing in the record, and Petitioner refers to nothing that would suggest or support his allegation that Steube's testimony would not have been admitted even if his attorney had requested such a hearing. Petitioner has therefore failed to establish the ineffective assistance of counsel in this regard.

Finally, Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to object to the imposition of a fine due to his indigent status. This claim is moot, as the state appellate court sustained this assignment of error and remanded the case to the trial court for re-sentencing on this issue.

Claim two is without merit.

14

## CLAIM THREE

In claim three, Petitioner asserts that his conviction was against the manifest weight of the evidence and that the evidence was constitutionally insufficient to sustain his conviction. The state appellate court rejected this claim, reasoning in relevant part as follows:

> The Supreme Court of Ohio delineated the role of an appellate court presented with a sufficiency of the evidence argument in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * *

> Whether the evidence is legally sufficient is a question of law, not fact. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. Indeed, in determining the sufficiency of the evidence, an appellate court must give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560. Consequently, the weight of the evidence and the credibility of the witnesses are issues primarily determined by the trier of fact. *State v. Yarbrough,* 95 Ohio St.3d 227, 767 N.E.2d 216, 2002–Ohio–2126, ¶ 79; *State v. Thomas* (1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356. A verdict will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. *Treesh* at 484; *Jenks* at 273, 574 N.E.2d 492.

> In order to convict appellant of possession of cocaine, the state had to prove beyond a reasonable doubt that appellant knowingly possessed cocaine. R.C. 2925.11. In this case, the jury found that appellant possessed between 10 and 25 grams of crack cocaine, making the offense a second degree felony. Appellant claims the state

15

failed to establish that he possessed between 10 and 25 grams of crack cocaine because Steube did not test the substance in all the baggies for crack cocaine. We disagree.

The random sampling method of testing has withstood similar sufficiency challenges in this court. *See State v. Samatar*, 152 Ohio App.3d 331, 2003–Ohio–1639, ¶ 81; *State v. Smith* (Dec. 23, 1997), 10th Dist. No. 97APA05–660. The random sampling method of testing "creates a reasonable inference that all similar contraband contains the same controlled substance as that tested, at least when the contraband is recovered together and similarly packaged. Accordingly, evidence of the random-sampling method is sufficient as a matter of law to support a determination that the entire substance recovered together and similarly packaged is the same controlled substance as that tested." *Samatar; State v. Coppernoll,* 6th Dist. No. WM–07–010, 2008–Ohio–1293, ¶ 13–14.

In this case, the evidence presented at trial supported the reasonable inference that all of the substance in the seized baggies was crack cocaine. Steube testified that each of the samples she tested were crack cocaine. The samples came from materials that were recovered together and similarly packaged. Appellant did not present any evidence to rebut this inference. This evidence is sufficient for reasonable minds to conclude that all of the seized contraband was crack cocaine, and that appellant knowingly possessed between 10 and 25 grams of crack cocaine. *Smith.* Accordingly, appellant's conviction is supported by sufficient evidence.

\*\*\*

Appellant's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. Therefore, we overrule appellant's fourth assignment of error.

*State v. Parsley*, 2010 WL 1510197, at \*6-9.

The Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those who have been convicted without sufficient proof to allow a rational trier of fact to find guilt beyond a reasonable doubt. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir.1983). In the context of a claim alleging a violation of due process,

16

"sufficiency of the evidence" refers to the due process requirement that there be enough evidence introduced in favor of the prosecution for a rational trier of fact to find each element of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In reviewing a sufficiency of the evidence claim, a federal habeas court must defer to the trier of fact with respect to issues of conflicting testimony, weight of the evidence and the credibility of the witnesses. *Jackson,* 443 U.S. at 319; *Walker,*703 F.2d at 969.

Under Ohio law, however, a claim that a verdict was against the manifest weight of the evidence – as opposed to one based upon insufficient evidence – requires the appellate court to act as a "thirteenth juror" and review the entire record, weigh the evidence and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1983); *cf. Tibbs v. Florida*,  457 U.S. 31(1982). Since a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, Petitioner's claim that his conviction was against the manifest weight of the evidence cannot be considered by this Court.

As to Petitioner's contention that the evidence was constitutionally insufficient to sustain his conviction, before a criminal defendant can be convicted consistent with the United States Constitution, there must be sufficient evidence to justify a reasonable trier of fact in finding guilt beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. at 319. To determine whether the evidence was sufficient to support a conviction, this Court must view the evidence in the light most favorable to the prosecution.  *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson,* at 319). The prosecution is not affirmatively required to "rule out every hypothesis except that of guilt." *Id.*

(quoting *Jackson,* at 326). "[A] reviewing court 'faced with a record that supports conflicting inferences must presume-even if it does not appear on the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " *Id.* (quoting *Jackson,* at 326).

Further, there is a "double layer" of deference due to state court determinations about the sufficiency of the evidence. As explained in *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir.2009), deference is due to the jury's finding of guilt because the standard, announced in *Jackson v. Virginia,* is whether "viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Even if a *de novo* review of the evidence leads to the conclusion that no rational trier of fact could have so found, a federal habeas court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *See also White v. Steele*, 602 F.3d 707, 710 (6th Cir.2009). This is a substantial hurdle for a habeas corpus petitioner to overcome and, for the reasons discussed by the state appellate court, Petitioner has not done so here.

Claim three is without merit.

## CLAIM FOUR

This Court is unable to discern the basis for the alleged constitutional violation set forth in claim four. "Liberal construction does not require a court to conjure allegations on a litigants behalf[.]" *Erwin v. Edwards*, 22 Fed.Appx. 579, 580, unpublished, 2001 WL 1556573 (6th Cir. Dec. 4, 2001)(citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989)) .

Therefore, claim four is without merit.

18

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


  s Norah McCann King
Norah McCann King
United States Magistrate Judge

19

February 3, 2012